IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TECH DATA CORPORATION,

        Plaintiff,        C.A. No. 05-667 (GMS).

v.

HEWLETT-PACKARD COMPANY,

        Defendant.
_____/

## AMENDED COMPLAINT

Tech Data Corporation, Plaintiff, by its undersigned counsel, brings this Amended Complaint against Hewlett-Packard Company, Defendant, on the following causes of action:

### JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction as diversity of citizenship exists, and the matter in controversy exceeds $75,000.00.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) as a substantial part of the events or omissions giving rise to the claims arose in this district.

### PARTIES

3. Plaintiff, Tech Data Corporation ("Tech Data") is a Florida corporation. Tech Data has its principal place of business located in the State of Florida.

4. Defendant, Hewlett-Packard Company ("H-P") is a Delaware corporation H-P has its principal place of business located in the State of California.

5. Compaq Computer Corporation ("Compaq") was a Delaware corporation and was merged into the Defendant, H-P.

{210346.0002/N0568773_1}

6. Compaq was successor-in–interest, by way of merger, to Custom Edge, Inc. ("Custom Edge"), which was formerly known as ITY Corporation, which was a Delaware corporation. Prior to its merger with Compaq, Custom Edge was a wholly-owned subsidiary of Compaq.

7. H-P succeeded to the obligations and liabilities of Compaq through the merger. As a result, by operation of agreement and by operation of law, H-P obligated itself to assume all of the obligations due to Tech Data from Compaq and Custom Edge.

8. Inacom Corporation ("Inacom") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 16, 2000 (the "Petition Date"), and since the Petition Date, Inacom has remained in possession and control of the assets of the Estate as Debtor and Debtor-in-Possession.

## ALLEGATIONS COMMON TO ALL COUNTS

9. As of the Petition Date, Inacom was indebted to Tech Data in the amount of $929,187.11, representing outstanding debit memos, credit memos and invoices that were subject to reconciliation as of the Petition Date.

10. More than ninety (90) days prior to the Petition Date, on or about January 4, 2000, Compaq, Custom Edge and Inacom entered into a certain "Asset Purchase Agreement" (the "Asset Purchase Agreement").

11. In accordance with the terms of the Asset Purchase Agreement, Custom Edge assumed the liability for certain accounts payable of Inacom as part of the consideration for the purchase of the assets of Inacom. As set forth in the exhibit to the Asset Purchase Agreement, Inacom's obligations and debts which were owed to Tech

Data were specifically listed as obligations to be assumed by Custom Edge (the "Assumed Obligations").

12. On or about February 16, 2000, Compaq, under the signature of Bill Francis, Director, Corporate Finance, of Compaq/Custom Edge, sent a letter to Tech Data whereby Compaq agreed that Custom Edge "assumed the obligation to pay" to Tech Data the Assumed Obligations, and further stated that Compaq would provide the funds necessary to satisfy the Assumed Obligations (the "Assumption Letter").

13. In reliance upon the Asset Purchase Agreement, the representations and agreements made in the Assumption Letter, and based upon additional representations made to Tech Data, Tech Data continued to (1) provide goods on credit to Custom Edge, as the purchaser of the assets from Inacom, and (2) forbear from taking any action to collect the obligations of Inacom that were due to Tech Data which comprised the Assumed Obligations.

14. At least from the date of the Assumption Letter, if not earlier, Custom Edge and Compaq had a liability to Tech Data for the Assumed Obligations.

15. Compaq succeeded to the obligations and liabilities of Custom Edge through merger, and, by operation of law and virtue of its correspondence and commitments, obligated itself to indemnify Tech Data from any losses as a result of the obligations assumed from Inacom.

16. H-P then succeeded to the obligations and liabilities of Compaq through merger. As a result, by operation of agreement and by operation of law, H-P obligated itself to assume all of the obligations to Tech Data from Compaq and Custom Edge.

## **COUNT I**
### **(Breach of Contract)**

17. All of the allegations contained in paragraphs 1 through 16 of this Complaint are hereby incorporated by reference in this Count I.

18. By virtue of the Asset Purchase Agreement and the Assumption Letter, H-P, as successor in interest, became contractually bound to pay all of Inacom's debts and obligations due to Tech Data.

19. Inacom had agreed and is contractually bound to pay the same in full.

20. The payment obligations of Inacom to Tech Data were expressly assumed by Custom Edge in the Asset Purchase Agreement and the Assumption Letter.

21. Compaq succeeded to the obligations and liabilities of Custom Edge through merger, and assumed the liability for all of the accounts payable of Inacom due to Tech Data as part of the consideration for the purchase of the assets of Inacom.

22. By virtue of the merger of Compaq into H-P, H-P, by operation of fact and operation of law, agreed to be responsible for, and became responsible for all of the obligations of Compaq and Custom Edge.

23. Despite demand being made on H-P for payment, H-P has failed and refused, and continues to fail and refuse, to remit the past due balance for the debts assumed by H-P.

24. After crediting Inacom for each and every payment received to date, Tech Data has sustained actual monetary damages, interest, fees and costs in an amount no less than $929,187.11.

**WHEREFORE**, Tech Data Corporation prays this Court to enter a judgment against Hewlett-Packard Company for:

(a) actual monetary damages, plus incidental damages, interest, fees and costs in an amount of no less than $929,187.11; and

(b) such other and further damages as are appropriate.

## COUNT II
### (Goods Sold and Delivered)

25. All of the allegations contained in paragraphs 1 through 16 of this Complaint are hereby incorporated by reference in this Count II.

26. Through February 15, 2000, Tech Data sold and delivered to Inacom, goods of reasonable value and agreed price which Inacom accepted, and promised and agreed to pay for same.

27. The payment obligations of Inacom to Tech Data were expressly assumed by Custom Edge in the Asset Purchase Agreement.

28. Compaq succeeded to the obligations and liabilities of Custom Edge through merger, and assumed the liability for certain accounts payable of Inacom as part of the consideration for the purchase of the assets of Inacom.

29. By virtue of the merger of Compaq into H-P, H-P, by operation of fact and operation of law, agreed to be responsible for, and became responsible for, all of the obligations of Compaq and Custom Edge.

30. Despite demand being made on H-P for payment, H-P has failed and refused, and continues to fail and refuse, to remit the past due balance for the goods sold and delivered to Inacom.

31. After crediting Inacom for each and every payment received to date, Tech Data has sustained actual monetary damages, plus interest, fees and costs in an amount no less than $929,187.11.

**WHEREFORE**, Tech Data Corporation prays this Court to enter a judgment against Hewlett-Packard Company for:

(a) actual monetary damages, plus incidental damages, interest, fees and costs in an amount of no less than $929,187.11; and

(b) such other and further damages as are appropriate.

## DEMAND FOR JURY TRIAL

52. Demand is hereby made for trial by jury of all such triable issues.

Dated:  October 3, 2005.                    HERLIHY, HARKER & KAVANAUGH


                                            By: _/s/ James F. Harker_____
                                                James F. Harker (Bar No. 255)
                                                Local Counsel for Plaintiff
                                                1300 North Market Street, Suite 400
                                                Wilmington, DE 19899
                                                302-654-3111 (Telephone)

                                            and

                                            ADORNO & YOSS LLP
                                            Attorneys for Plaintiff
                                            Charles M. Tatelbaum
                                            Florida Bar No. 177540
                                            Stephen C. Hunt
                                            Florida Bar No. 191582
                                            Nicole Testa
                                            Florida Bar No. 177271
                                            350 E. Las Olas Boulevard, Suite 1700
                                            Fort Lauderdale, FL  33301
                                            (954) 763-1200 (Telephone)
                                            (954) 766-7800 (Facsimile)

                                            *Attorneys for Plaintiff*