IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TECH DATA CORPORATION,

            Plaintiff,

    v.                                                    Civil Action No. 05-667(GMS)

HEWLETT-PACKARD COMPANY,

            Defendant.

---

## HEWLETT-PACKARD COMPANY'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS TECH DATA'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

MORRIS, NICHOLS, ARSHT & TUNNELL
William H. Sudell, Jr. (No. 463)
Derek C. Abbott (No. 3376)
Daniel B. Butz (No. 4227)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

- and -

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman
Cecily A. Dumas
Gail S. Greenwood
Brandon C. Chaves
One Maritime Plaza, Suite 2475
San Francisco, CA  94111
(415) 834-3800

Attorneys for Defendant
Hewlett-Packard Company

October 4, 2005

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS                                                      ii

INTRODUCTION                                                           1

NATURE AND STAGE OF PROCEEDINGS                                       1

SUMMARY OF ARGUMENT                                                    2

STATEMENT OF FACTS                                                     4

LEGAL ARGUMENT                                                         4

     A.    Delaware's Borrowing Statute Requires Application of Delaware's Shorter Limitation Period Over Tech Data's Claims.                5

     B.    Tech Data's Claims Are Subject to a Three-Year Statute of Limitations Pursuant to 10 Delaware Code Section 8106.                6

     C.    Contractual Choice of Law Provisions Do Not Apply To Statutes of Limitations Unless The Reference Is Explicit.                7

CONCLUSION                                                            10

ii.

# TABLE OF CITATIONS

Page(s)

Cases

ALA, Inc. v. CCAir, Inc.,
      29 F. 3d 855 (3d Cir. 1994)................................................................................... 4

Aronow Roofing Co. v. Gilbane Building Co.,
      902 F.2d 1127 (3d Cir. 1990).................................................................................. 6

Des Brisay v. Goldfield Corp.,
      637 F.2d 680 (9th Cir. 1981) ................................................................................. 8

Federal Deposit Ins. Corp. v. Peterson,
      770 F.2d 141 (10th Cir. 1985) ............................................................................... 8

Glassberg v. Boyd,
      116 A. 2d 711 (Del. 1955) ..................................................................................... 6

Gluck v. Unisys Corp.,
      960 F. 2d 1168 (3d Cir. 1992).................................................................................. 8

Ontario Hydro v. Zallea Systems, Inc.,
      569 F. Supp. 1261 (D. Del. 1983)........................................................................... 8

Pilch v. Gray,
      49 Del. 139 (1955) ................................................................................................. 7

Shaw v. Aetna Life Ins. Co.,
      395 A. 2d 384 (Del. 1978) ..................................................................................... 6

Statutes

10 Del. C. § 8106 ........................................................................................................ 6, 7

10 Del. C. § 8121 ........................................................................................................ 5

## INTRODUCTION

Defendant Hewlett-Packard Company ("HP") submits this opening brief in support of its motion to dismiss the complaint ("Complaint") filed by Tech Data Corporation ("Tech Data") for failure to state a claim upon which relief may be granted. The motion is made on the grounds that the Complaint, and each claim stated therein, is barred by Delaware's three-year statute of limitations.

The Complaint alleges two claims for relief:   (1) breach of written contract; and (2) goods sold and delivered.  Pursuant to the Complaint, Tech Data seeks payment from HP in the sum of $929,187.11 for goods sold and delivered to Inacom Corporation ("Inacom") prior to February 15, 2000.  In the alternative, Tech Data seeks damages for breach of a written contract dated January 4, 2000, which breach allegedly occurred no later than February 16, 2000.

## NATURE AND STAGE OF PROCEEDINGS

The Complaint was filed on September 13, 2005, and served on HP on September 14, 2005.  This case has a history that precedes the filing of the Complaint, however.

Tech Data was a supplier of goods to Inacom.  On June 16, 2000, Inacom filed a chapter 11 case in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court").  On June 27, 2000, Tech Data filed a Proof of Claim in the Inacom bankruptcy case for $929,187.11, which claim duplicates the claim against HP in this case.  (Tech Data's Proof of Claim is attached to the Request for Judicial Notice filed herewith.)

On June 16, 2002, Inacom sued Tech Data in the Bankruptcy Court to recover $4.6 million in alleged preferences.  On April 9, 2004, Tech Data filed a third party complaint against HP[1] seeking reimbursement if Tech Data is held liable for the preferences on the theory that HP assumed the liability.  The preference case was transferred from the Bankruptcy Court to this Court, and is currently pending before the Hon. Gregory Sleet, together with three other consolidated preference cases.  The consolidated cases are set for trial on October 17, 2005.

On April 13, 2005, Tech Data filed a motion in the preference case for leave to amend its third party complaint against HP to add a claim for the goods sold and delivered.  By order dated August 1, 2005, the Court denied leave to amend for lack of good cause shown on the basis that the motion was filed five months after the deadline to amend the pleadings, and after the close of fact discovery.

This case was assigned to the Hon. Gregory Sleet as a related case on September 21, 2005.  This Court's jurisdiction is based on diversity of the parties, as HP is a Delaware corporation, and Tech Data is a Florida corporation.

## SUMMARY OF ARGUMENT

1.     Tech Data is expected to argue that the claims are not time-barred because the Asset Purchase Agreement provided that the laws of New York govern interpretation of the contract, and the New York statute of limitations for breach of contract is six years. Tech Data's theory is wrong.

---

[1]     The third party defendants were Compaq Computer Corporation and its subsidiary Custom Edge, Inc.   Pursuant to a merger between Compaq and HP, HP is the surviving entity.  For ease of reference, HP, Compaq and Custom Edge will each be referred to as "HP."

2.    The claims for relief did not arise in the State of Delaware.[2] Therefore, the Delaware borrowing statute governs.  The Delaware borrowing statute states that where a cause of action arises outside the state, an action cannot be brought after the expiration of the shorter of the Delaware statute of limitations or the time limited by the state where the cause of action arose.  By selecting Delaware as its forum, Tech Data submitted to Delaware's three-year limitations period.

3.    Delaware law imposes a three-year statute of limitations on both breach of contract and claims for goods sold and delivered.  In order for the Complaint to have been timely filed, the claims would have had to arisen no earlier than September 13, 2002.  By Tech Data's own allegations, the claims arose no later than February 16, 2000.

4.    Tech Data may also argue that the parties' choice of New York law in the Asset Purchase Agreement is dispositive.  This argument also is incorrect.  The Court of Appeals for the Third Circuit has held that choice of law provisions in contracts do not apply to statutes of limitations, unless the reference is express.  The choice of law provision in the Asset Purchase Agreement is silent as to the applicable statute of limitations.  Accordingly, the courts of this Circuit will not circumvent the general rule of the borrowing statute.

5.    There are no disputed facts that would require a ruling to be deferred to summary judgment.  The question before the Court is purely an issue of law –

---

[2]    As noted, Tech Data is expected to argue that the New York statute of limitations applies.  At the time of the alleged transactions, Inacom resided in Nebraska; Tech Data in Florida; and Compaq/HP in Texas.  None of the events or omissions giving rise to the claims occurred in Delaware.  Without waiving its right to assert that the laws of a state other than New York should be applied to the claims, HP contends that the instant action is barred by the Delaware statute of limitations because Delaware is the forum state.

whether the Court should apply the Delaware three-year statute of limitations or the New York six-year statute of limitations. HP submits that the Complaint is time-barred and should be dismissed.

## STATEMENT OF FACTS

For purposes of a motion to dismiss, the facts stated in the Complaint must be accepted as true. Inacom filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 16, 2000 (the "Petition Date"). Complaint, ¶8. As of the Petition Date, Inacom was indebted to Tech Data in the amount of $929,187.11, representing outstanding debit memos, credit memos and invoices that were subject to reconciliation as of the Petition Date. Complaint, ¶9. On or about January 4, 2000, Inacom and [HP] entered into an Asset Purchase Agreement. Complaint, ¶10. In accordance with the terms of the Asset Purchase Agreement, [HP] assumed the liability for certain accounts payable of Inacom, as part of the consideration for the purchase of assets of Inacom, including Inacom's obligations to Tech Data (the "Assumed Obligations"). Complaint, ¶ 11. On or about February 16, 2000, [HP] sent a letter to Tech Data whereby [HP] agreed that Custom Edge (its subsidiary) "assumed the obligation to pay" to Tech Data the Assumed Obligations (the "Assumption Letter"). Complaint, ¶12. At least from the date of the Assumption Letter, if not earlier, [HP] had a liability to Tech Data for the Assumed Obligations. Complaint, ¶ 14.

## LEGAL ARGUMENT

A complaint should be dismissed where the pleaded facts demonstrate that it is barred by the statute of limitations. See ALA, Inc. v. CCAir, Inc., 29 F. 3d 855, 859-60 (3d Cir. 1994) (complaint is subject to dismissal under 12(b)(6) where affirmative

defense appears on the face of the pleadings).  In this case, Tech Data's claims arising more than five years ago are clearly barred by Delaware's statute of limitations.

> A.  Delaware's Borrowing Statute Requires Application of Delaware's Shorter Limitation Period Over Tech Data's Claims.

Tech Data mistakenly believes that New York law, and New York's six-year contractual limitations period, apply to the recent complaint against HP.  In fact, Delaware's borrowing statute establishes that even if Tech Data's claims arose elsewhere, by selecting filing a lawsuit in Delaware, the claims are still subject to the *shorter* of Delaware's three-year limitation period or the limitation period of the state where the claim arose.

Delaware's borrowing statute, 10 <u>Del</u>. <u>C</u>. § 8121 entitled "Cause of action arising outside State," provides in part:

> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of **whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose**, for bringing an action upon such cause of action…

10 <u>Del</u>. <u>C</u>. § 8121 (emphasis added).  Thus, the maximum period of limitation for an action filed in Delaware is the limitation period established by Delaware law.  The purpose of Delaware's borrowing statute is to protect Delaware court's from being forced to adjudicate stale out-of-state claims.  <u>Glassberg v. Boyd</u>, 116 A. 2d 711, 718 (Del. 1955).  Delaware follows the general policy that it is in the public interest to discourage the litigation of old claims.  <u>See</u>, <u>e.g.</u>, <u>Shaw v. Aetna Life Ins. Co.</u>, 395 A. 2d 384, 386 (Del. 1978) (shorter statutory limitation applied to disability claim, not three-year

provision stated in insurance contract). Pursuant to Delaware's borrowing statute, as between Delaware law or another state law where a claim arose, the shorter period of limitations applies.

Even if Tech Data's claims against HP arose in New York (contrary to the venue allegations in the complaint), Tech Data's claims are governed by Delaware's shorter period of limitations applicable to claims for breach of contract and for goods sold and delivered. New York's longer statute of limitations for breach of contract is inapplicable to this case. Tech Data's claims should be dismissed because Tech Data failed to raise the claims within three years of their accrual.

> B.    Tech Data's Claims Are Subject to a Three-Year
> Statute of Limitations Pursuant to 10 Delaware
> Code Section 8106.

Delaware law imposes a three-year statute of limitations on claims for both breach of contract and for goods sold and delivered. Title 10 Del. C. § 8106 provides that no action to recover on such claims "shall be brought after the expiration of 3 years from the accruing of the cause of such action." See, e.g., Aronow Roofing Co. v. Gilbane Building Co., 902 F.2d 1127, 1128 (3d Cir. 1990) (breach of contract claim dismissed based on 3-year statute of limitations under 10 Del. C. § 8106); Pilch v. Gray, 49 Del. 139 (1955) (claim for goods sold and delivered barred by 3-year statute of limitations).

The face of the Complaint demonstrates that Tech Data's claims arose no later than February 16, 2000, more than five years ago. Tech Data alleges, "At least from the date of the Assumption Letter [February 16, 2000], if not earlier, Custom Edge and Compaq had a liability to Tech Data for the Assumed Obligations." Complaint, ¶ 14. HP

allegedly had a duty to pay for certain account payable obligations more than five years ago and failed to pay them. In fact, the underlying claims for which Tech Data seeks payment date back to August 1997, with invoices as many as eight years old. *See* Tech Data's Proof of Claim filed June 27, 2000, attached to HP's Request For Judicial Notice. Tech Data's claims are unequivocally time barred.

> C.    Contractual Choice of Law Provisions Do Not Apply To Statutes of Limitations Unless The Reference Is Explicit.

Tech Data may argue that New York law governs the statute of limitations issue because the Asset Purchase Agreement contains a New York choice of law provision.[3] The Third Circuit rejects this argument. Numerous cases have held that a choice of law provision does not apply to statutes of limitations governing claims between the parties unless the parties explicitly state an intention that a particular law apply to the statute of limitations.

Statutes of limitations are considered procedural and are governed by the law of the forum. As a general rule, contractual provisions adopting a particular choice of law apply only to the substantive law interpreting the contract, and not the procedural limitation period. In Gluck v. Unisys Corp., 960 F. 2d 1168 (3d Cir. 1992), the Third Circuit specifically rejected arguments that a Michigan choice of law should govern the time limit for the employee-plaintiffs to pursue claims for breach of fiduciary duty under ERISA. Citing other circuits, the *Gluck* court stated:

---

[3]    Section 13.05 of the Asset Purchase Agreement provides, "This Agreement shall be governed by and construed in accordance with the law of the State of New York without regard to the conflicts of law rules of such state."

> **Choice of law provisions in contracts do not apply to
> statues of limitations, unless the reference is express.**
> See Federal Deposit Ins. Corp. v. Peterson, 770 F.2d 141,
> 142 (10th Cir. 1985); Des Brisay v. Goldfield Corp., 637
> F.2d 680, 682 (9th Cir. 1981). Nor do [the defendant's]
> contacts with Michigan require application of the Michigan
> statute of limitations…
>
> Because Michigan's statute of limitations do not apply
> here, we follow the general rule and borrow a limitations
> period applicable to the forum state claim most analogous
> to the ERISA claim at hand.

Id. at 1179-80 (emphasis added).

Similarly, in Ontario Hydro v. Zallea Systems, Inc., 569 F. Supp. 1261,

1265 (D. Del. 1983), Delaware's district court rejected arguments to apply Ontario choice

of law to the statute of limitations governing the plaintiff's claims for breach of contract

and breach of warranty. The court held that any attempt to apply a particular law to the

statute of limitations must be expressly agreed between the parties. Id. at 1265. The

court reasoned, "This Court cannot assume that a contract provision choosing a particular

jurisdiction's laws for *interpreting* the contract also adopts that jurisdiction's statute of

limitations. Accordingly, the Court cannot apply the Ontario statute of limitations on the

basis of the choice of law clause." Id. See also American Energy Technologies, Inc. v.

Colley & McCoy Co., 1999 WL 301648 (D. Del.) at *2 (choice of law provision only

applies to statute of limitations if the choice of law provision states with specificity that it

applies to limitation period) (attached).

The New York choice of law provision in the Asset Purchase Agreement

does not buy Tech Data additional time in which to bring claims against HP because

there is no explicit reference to the statute of limitations. The choice of New York law

applies only to substantive matters of contract interpretation, and not to the statute of

9.

limitations, which is governed by the law of the forum.  In this case, Tech Data's claims are clearly barred by Delaware's three-year statute of limitations.

CONCLUSION

The face of Tech Data's Complaint demonstrates that the claims for breach of contract and for goods sold and delivered are barred by Delaware's three-year statute of limitations. Even if the claims arose in New York, or are subject to a New York choice of law, they are still governed by Delaware's three-year limitation period. For the foregoing reasons, HP respectfully requests that the Court dismiss Tech Data's Complaint with prejudice for failure to state a claim upon which relief can be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL

William H. Sudell, Jr. (No. 463)
Derek C. Abbott (No. 3376)
Daniel B. Butz (No. 4227)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

- and –

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman
Cecily A. Dumas
Gail S. Greenwood
Brandon C. Chaves
One Maritime Plaza, Suite 2475
San Francisco, CA 94111
(415) 834-3800

Attorneys for Defendant
Hewlett-Packard Company

October 4, 2005

485845