IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TECH DATA CORPORATION,

        Plaintiff,                  Case No.  1:05-cv-00667-GMS

v.

HEWLETT-PACKARD COMPANY,

        Defendant.

_____/

---

## TECH DATA CORPORATION'S RESPONSE TO HEWLETT-PACKARD COMPANY'S MOTION TO DISMISS

---

HERLIHY, HARKER & KAVANAUGH
James F. Harker (Bar No. 255)
1300 North Market Street, Suite 400
Wilmington, Delaware 19899
Telephone:  (302) 654-3111

-and-

ADORNO & YOSS LLP
Charles M. Tatelbaum (*Admitted Pro Hac Vice*)
Stephen C. Hunt (*Admitted Pro Hac Vice*)
350 E. Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL  33301
Telephone: (954) 763-1200
Facsimile:  (954) 766-7800

*Attorneys for Plaintiff,*
*Tech Data Corporation*

## TABLE OF CONTENTS

Page

I.    PRELIMINARY STATEMENT .................................................................. 1

II.   STATEMENT OF THE FACTS ................................................................. 1

III.  PROCEDURAL BACKGROUND.............................................................. 3

IV.   SUMMARY OF ARGUMENT ................................................................. 3

V.    LEGAL ANALYSIS AND ARGUMENT ........................................... 4

    A.    Standard for Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.................................................. 4

        1.    Dismissal for Failure to State a Claim Is Appropriate only if It Appears Beyond Doubt that Plaintiff Can Prove No Set of Facts in Support of Its Claim Which Would Entitle It to Relief..................................................................................4

        2.    Courts Are Required to Accept all Well-Pleaded Allegations in the Complaint as True and to Draw all Reasonable Inferences in Favor of the Non-Moving Party .............5

        3.    Pursuant to Rule 8(a), Tech Data Has Plead a Short and Plain Statement of the Claims that more than Adequately Gives HP Fair Notice of the Claims and Legal Grounds................6

            a.    In Accepting all Well-Pleaded Allegations in the Complaint as True and Drawing all Reasonable Inferences in Tech Data's Favor, Tech Data Has Sufficiently Plead each of the Elements to Establish a Breach of Contract Claim ................................................... 7

            b.    In Accepting All Well-Pleaded Allegations in the Complaint as True and Drawing All Reasonable Inferences in Tech Data's Favor, Tech Data Has Sufficiently Plead each of the Elements to Establish a Claim for Goods Sold and Delivered................................. 8

        4.    HP Is Improperly Attempting to Introduce Matters Outside the Pleadings and to Convert the Rule 12(b)(6) Motion into a Motion for Summary Judgment ................................10

VI.   CONCLUSION................................................................................. 12

# TABLE OF AUTHORITIES

**Page**

CASES

ALA, Inc. v. CCAIR, Inc.,
    29 F.3d 855 (3d Cir. 1994)...................................................................... 8

Brady v. Allied Pilots Ass'n,
    2003 U.S. Dist. LEXIS 22875, *10 (D. Tex. 2003)............................... 10

Carland, Inc. v. U.S.,
    1988 WL 68047, *5 (W.D. Mo. 1988) .................................................. 9

Castle v. Cohen,
    840 F.2d 173 (3d Cir. 1988)................................................................ 12

Coastal Group, Inc. v. Westholme Partners,
    1996 WL 33545605, *5 (3d Cir. 1996) ................................................ 9

Conley v. Gibson,
    355 U.S. 41 (1957)........................................................................... 4, 7

Data Gen. Corp. v. Computerized Indus., Inc.,
    573 F. Supp. 115 (E.D. Pa. 1983) ...................................................... 8

Davis Elliott Int'l, Inc. v. Pan American Container Corp.,
    705 F.2d 705 (3d Cir. 1983)................................................................ 12

DiVito v. Greenstein,
    55 F.R.D. 58 (E.D. Pa. 1972) ............................................................. 11

Fisher v. Big Squeeze (N.Y.), Inc.,
    349 F. Supp. 2d 483 (E.D.N.Y. 2004) ................................................ 6

GFF Corp. v. Associated Wholesale Grocers, Inc.,
    130 F.3d 1381 (10th Cir. 1997) ......................................................... 10

Ginley v. E.B. Mahoney Builders, Inc.,
    2004 WL 2137820, *1 (E.D. Pa. 2004) ............................................ 6, 7

In re Rockefeller,
    311 F.3d 198 (3d Cir. 2002)............................................................. 4, 5

Johnson v. Cullen,
    925 F. Supp. 244 (D. Del. 1996)...................................................... 4, 5

Jordan v. Fox, Rothschild, O'Brien & Frankel,
    20 F.3d 1250 (3d Cir.1994)................................................................. 5

Kittay v. Kornstein,
    230 F.3d 531, 541 (2d Cir. 2000)........................................................ 6

Kost v. Kozakiewicz,
    1 F.3d 176, 183 (3d Cir.1993)............................................................. 4

Leatherman v. Tarrant County,
    507 U.S. 163 (1993)........................................................................ 6

Leveto v. Lapina,
    258 F.3d 156 (3d Cir. 2001)............................................................ 4

Mortensen v. First Fed. Sav. and Loan Ass'n,
    549 F.2d 884 (3d Cir. 1977)........................................................ 5, 11

Pension Ben. Guar. Corp. v. Greene,
    87 F.R.D. 483 (W.D. Pa. 1980) .................................................. 6, 10

Rose v. Bartle,
    871 F.2d 331 (3d Cir. 1989)........................................................... 11

Scheuer v. Rhodes,
    416 U.S. 232 (1974), *overruled on other grounds*, Harlow v. Fitzgerald, 457 U.S.
    800 (1982)...................................................................................... 5

Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,
    742 F.2d 786 (3d Cir. 1984)............................................................ 6

Stanziale v. Nachtomi (In re Tower Air, Inc.),
    416 F.3d 229, 237 (3d Cir. 2005)................................................... 7

Stewart v. Department of Corrections,
    2002 WL 31045233, *2 (Del. Super. Ct. 2002).............................. 9

Venture Assoc. Corp. v. Zenith Data Sys. Corp.,
    987 F.2d 429 (7th Cir. 1993) ........................................................ 10

Watterson v. Page,
    987 F.2d 1 (1st Cir. 1993).............................................................. 10

Wax v. Ducorsky,
    1992 WL 172737, *2 (E.D. Pa. 1992) .......................................... 7

Weston v. Pennsylvania,
    251 F.3d 420 (3d Cir. 2001)........................................................... 5

Worldcom, Inc. v. Graphnet, Inc.,
    343 F.3d 651 (3d Cir. 2003)........................................................... 4

## RULES

FEDERAL RULES OF CIVIL PROCEDURE, Rule 12(b)(6) ............................................. passim

FEDERAL RULES OF CIVIL PROCEDURE, Rule 56 ....................................................... 11, 12

FEDERAL RULES OF CIVIL PROCEDURE, Rule 8(a)................................................. 3, 6, 7, 12

## Treatises

5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE,
    1277 at 464 (2d ed. 1990) ........................................................................................ 9

5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE,
    1356 at 294 (2d ed. 1990) ................................................................................ 4, 9

## I.    PRELIMINARY STATEMENT

Plaintiff, Tech Data Corporation ("Tech Data" or "Plaintiff"), hereby submits its Response and Memorandum of Law to the *Motion to Dismiss Tech Data's Complaint Pursuant to Rule 12(b)(6) filed by Hewlett-Packard Company* ("HP" or "Defendant"). Tech Data has commenced this action against HP to recover the amount of $929,187.11 for the following causes of action:   (i) breach of contract; and (ii) goods sold and delivered.

## II.    STATEMENT OF THE FACTS[1]

Tech Data is a corporation formed under the laws of the State of Florida, with its principal place of business located at 5350 Tech Data Drive, Clearwater, Florida.  Tech Data sold computer products and peripherals, as well as a variety of other electronic products, to Inacom Corporation ("Inacom").  Inacom filed a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case") on June 16, 2000 (the "Petition Date").

On or about January 4, 2000, Compaq Computer Corporation ("Compaq"), Custom Edge and Inacom entered into a certain Asset Purchase Agreement (the "Asset Purchase Agreement").  In accordance with the terms of the Asset Purchase Agreement, Custom Edge, then an affiliate of Compaq, assumed the liability for certain accounts payable of Inacom as part of the consideration for the purchase of the assets of Inacom.  As set forth in the exhibit to the Asset Purchase Agreement, Tech Data was listed as an

---

[1] The factual allegations set forth in the Complaint, and herein for the Court's review, are to be construed in the light most favorable to Tech Data.  "When considering a motion to dismiss, the Court should read the complaint generously, accept all of the allegations contained therein as true, and construe them in a light most favorable to the plaintiffs." Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996).

entity where all of the obligations of Inacom were to be assumed by Custom Edge (the "Assumed Obligations").

On or about February 16, 2000, Compaq, under the signature of Bill Francis, Director, Corporate Finance, of Compaq/Custom Edge, sent a letter to Tech Data whereby Compaq agreed that Custom Edge "assumed the obligation to pay" to Tech Data the Assumed Obligations, and further stated that Compaq would provide the funds necessary to satisfy the Assumed Obligations (the "Assumption Letter").

In reliance upon the Asset Purchase Agreement, the representations and agreements made in the Assumption Letter, and based upon additional representations made to Tech Data, Tech Data continued to (1) provide goods on credit to Custom Edge, as the purchaser of the assets from Inacom, and (2) forbear from taking any action to collect the obligations of Inacom that were due to Tech Data which comprised the Assumed Obligations.

At least from the date of the Assumption Letter, if not earlier, Custom Edge and Compaq had a liability to Tech Data for the Assumed Obligations. Compaq succeeded to the obligations and liabilities of Custom Edge through merger, and, by operation of law and virtue of its correspondence and commitments, obligated itself to indemnify Tech Data from any losses as a result of the obligations assumed from Inacom.

HP then succeeded to the obligations and liabilities of Compaq through merger. As a result, by operation of agreement and by operation of law, HP obligated itself to assume all of the obligations to Tech Data from Compaq and Custom Edge.

On or about June 5, 2002, Inacom sued Tech Data for alleged preferential transfers in the Bankruptcy Case in the amount of $4,608,313.97. Tech Data then filed

its Third-Party Complaint against HP and its predecessors alleging that HP is liable to Tech Data for any amount it may be adjudged liable to Inacom.  The matter was then withdrawn and transferred to the United States District Court for the District of Delaware.

### III.    PROCEDURAL BACKGROUND

On September 13, 2005 Tech Data filed a Complaint seeking recovery against HP (the "Complaint") (C.P. No. 1), and, on September 21, 2005, the case was assigned to Judge Gregory M. Sleet.  The Complaint was later amended pursuant to this Court's Order (C.P. No. 2) on October 4, 2005 (C.P. No. 3).  HP filed its Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) (C.P. No. 4) and Opening Brief in Support Thereof (C.P. No. 5) (collectively, the "Motion"), and Notice of Request for Judicial Notice in Support of Motion to Dismiss (C.P. No. 6).

### IV.    SUMMARY OF ARGUMENT

By its Motion, HP argues that the Complaint is time barred and should be dismissed.[2]  HP inappropriately introduces extraneous factual assertions from outside the pleadings, and its arguments are improper for the purposes of a Rule 12(b)(6) motion.

Tech Data respectfully requests that dismissal be denied as Tech Data has met the federal pleading requirements for the following reasons:  (i) in accepting all well-pleaded allegations in the Complaint as true and drawing all reasonable inferences in favor of Tech Data, Tech Data has sufficiently plead causes of action for breach of contract and goods sold and delivered; (ii) Tech Data has pled a short and plain statement of the claims which enables HP to have fair notice of the claims and legal bases under Rule 8(a); (iii) HP's reference to the proof of claim filed in the Bankruptcy Case and

---

[2] It is interesting to note that HP spends over six full pages criticizing anticipated and "hypothetical arguments" which Tech Data "is expected to raise."  [Motion, ¶ 1, p. 2; ¶ 4, p. 3].

extraneous factual allegations in the Motion should be excluded as HP has improperly introduced matters outside the pleadings; (iv) HP is, in effect, requesting that the Court use an improper standard—that of Rule 56 for summary judgment—in ruling upon a Rule 12(b)(6) motion; and (v) alternatively, HP has failed to attach the required affidavits in order to convert the Motion into one for summary judgment without notice to all parties.

## V.    LEGAL ANALYSIS AND ARGUMENT

### A.    Standard for Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

#### 1.    *Dismissal for Failure to State a Claim Is Appropriate only if It Appears Beyond Doubt that Plaintiff Can Prove No Set of Facts in Support of Its Claim Which Would Entitle It to Relief*

Tech Data has alleged sufficient and detailed facts which support its causes of action.  The purpose of a motion to dismiss under Rule 12(b)(6)  is to test the sufficiency of a complaint, not to resolve disputed facts or to decide the merits of the case.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir.1993); 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, 1356 at 294 (2d ed. 1990).  Dismissal for failure to state a claim is appropriate only if it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); *see also* Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001); Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996).

"The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims."  In re Rockefeller, 311 F.3d 198, 215 (3d Cir. 2002).  As more fully set

forth herein, Tech Data has adequately satisfied the federal pleading requirements to withstand the claims asserted in its Complaint.

> **2.      Courts Are Required to Accept all Well-Pleaded Allegations in the Complaint as True and to Draw all Reasonable Inferences in Favor of the Non-Moving Party**

In accepting all of the allegations in Tech Data's Complaint as true and in construing them in the light most favorable to Tech Data, it is clear that Tech Data has plead legally sufficient claims.  When considering a motion to dismiss, the Court should read the complaint generously, accept all of the allegations contained therein as true, and construe them in a light most favorable to the plaintiffs." Johnson v. Cullen, 925 F. Supp. 244, 247 (D. Del. 1996) (citing Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994)); Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001) (explaining that a dismissal will be affirmed only where "it appears certain that a plaintiff will be unable to support his claim").  In reviewing the face of the Complaint, there is no indication whatsoever that Tech Data will be unable to justify its claim.

Under Rule 12(b)(6), "[c]ourts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." In re Rockefeller Ctr. Props. Secs. Litig., 311 F.3d 198, 215 (3d Cir. 2002) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Harlow v. Fitzgerald, 457 U.S. 800 (1982)).  "Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. The decision disposing the case is then purely on the legal sufficiency of plaintiff's case…." Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

In viewing the face of the Complaint and taking all inferences in favor of Tech Data, it is clear that it has more than sufficiently plead the factual allegations and legal bases supporting its claims in accordance with Rule 8(a).

>   **3.    Pursuant to Rule 8(a), Tech Data Has Plead a Short and Plain Statement of the Claims that more than Adequately Gives HP Fair Notice of the Claims and Legal Grounds**

"Generally speaking, the Third Circuit Court of Appeals has been very liberal with respect to matters of pleading and has left the parties to discovery and other methods to determine just what is specifically complained of."  Pension Ben. Guar. Corp. v. Greene, 87 F.R.D. 483, 484 (W.D. Pa. 1980).  Rule 8(a) only requires a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the legal grounds upon which it rests. Leatherman v. Tarrant County, 507 U.S. 163, 168 (1993).  The liberal requirements of federal notice pleading require only that a complaint put the defendant on notice of the claims against him.  FED.R.CIV.P. 8(a); Ginley v. E.B. Mahoney Builders, Inc., 2004 WL 2137820, *1 (E.D. Pa. 2004); *see also* Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 790 (3d Cir. 1984) (explaining that "[i]t is the function of discovery to fill in the details, and of trial to establish fully each element of the cause of action").

"Under the liberal pleading standards of the federal rules, a plaintiff must disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." Fisher v. Big Squeeze (N.Y.), Inc., 349 F. Supp. 2d 483, 486 (E.D.N.Y. 2004) (*citing* Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000)). "Dismissal is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise intelligible that its true substance, if any, is well disguised."  Id.  Moreover, "supporting

facts should be alleged, but only those necessary to provide the defendant fair notice of the plaintiff's claim and the 'grounds upon which it rests.'" <u>Stanziale v. Nachtomi (</u><u>In re Tower Air, Inc.</u>), 416 F.3d 229, 237 (3d Cir. 2005) (*quoting* <u>Conley</u>, 355 U.S. at 47).

The supporting facts and elements of law set forth by Tech Data in its Complaint for breach of contract and goods sold and delivered enable HP to "have a fair understanding" of Tech Data's claims and legal bases for recovery. The discovery process will fill in the details and trial will establish **fully** each specific element for the asserted claims. HP has been notified of the basic elements of each cause of action, and dismissal is improper.

     a.     <u>In Accepting all Well-Pleaded Allegations in the Complaint as True and Drawing all Reasonable Inferences in Tech Data's Favor, Tech Data Has Sufficiently Plead each of the Elements to Establish a Breach of Contract Claim</u>

To survive a motion to dismiss, the plaintiff must properly plead the elements of a cause of action for breach of contract: the existence of a contract, including its essential terms; a breach of a duty imposed by the contract; and resultant damages. <u>Ginley</u>, 2004 WL 2137820 at *1.

In interpreting Rule 8(a), the Third Circuit "has held that a complaint is sufficient when the facts which give rise to the cause of action notify the defendants of the basic elements of the cause of action." <u>Wax v. Ducorsky</u>, 1992 WL 172737, *2 (E.D. Pa. 1992). In that case, the court explained that the facts alleged in the complaint were sufficient to assert a claim. <u>Id</u>. The plaintiff had specified that there was an oral agreement, the parties were properly identified, their role in the alleged breach explained, and there was a statement of the claim and of his entitlement to relief. <u>Id</u>.

In its Complaint, Tech Data has more than sufficiently described the basic elements and supporting factual allegations to support a breach of contract claim:  the existence of the Asset Purchase Agreement [Complaint, ¶ 18]; the existence of a debt that was assumed; breach of the duty to pay pursuant to the Asset Purchase Agreement and Assumption Letter [Complaint, ¶ 19-23]; and resulting damages in the amount of $929,187.11 [Complaint, ¶ 24].

> b.    In Accepting All Well-Pleaded Allegations in the Complaint as True and Drawing All Reasonable Inferences in Tech Data's Favor, Tech Data Has Sufficiently Plead each of the Elements to Establish a Claim for Goods Sold and Delivered

Furthermore, Tech Data has sufficiently plead its second cause of action for goods sold and delivered against HP.  In order to withstand a motion to dismiss, the complaint must clearly identify the parties and express whether the contract was written or oral.  *See* Data Gen. Corp. v. Computerized Indus., Inc., 573 F. Supp. 115, 116 (E.D. Pa. 1983) (holding a complaint to be deficient where no indication was provided with respect to the role of any individual defendant in the alleged transaction, there was no mention of written or oral terms, no notice was given to the court of claims sought to be adjudicated, and it was not established, for venue purposes, that such cause of action arose within the judicial district).  Tech Data has sufficiently plead its second cause of action in clearly identifying the obligated parties [Complaint, ¶¶ 6,7, 9, 11,12,14-16]; the claim to be adjudicated [Complaint, ¶ 30]; and the terms of the Asset Purchase Agreement, the Assumption Letter and sale of goods [Complaint, ¶¶ 26-29].

Plaintiff cites to ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994), for the proposition that a statute of limitations defense may be raised in the context of a Rule 12(b)(6) motion.  While it is true that an affirmative defense (*e.g.,* one grounded in

the statute of frauds) may be properly raised in the context of a motion to dismiss, such

motion may be granted "only if it is clear from the face of the complaint or the

documents attached thereto that **the defense presents an insurmountable bar** to

plaintiff's cause of action." Coastal Group, Inc. v. Westholme Partners, 1996 WL

33545605, *5 (3d Cir. 1996) (emphasis added). The traditional rule is that:

> [A]ffirmative defenses may not be raised in a motion to
> dismiss or to strike. "**Since the facts necessary to
> establish an affirmative defense generally must be
> shown by matter outside the complaint, the defense
> technically cannot be adjudicated on a motion under
> Rule 12**. According to this conception, motions to dismiss
> or to strike only can attack matters appearing on the face of
> the complaint; new defensive material therefore must be
> raised by answer." This procedure seeks to provide a
> plaintiff with "an adequate opportunity to present
> arguments rebutting the defense."

Stewart v. Department of Corrections, 2002 WL 31045233, *2 (Del. Super. Ct. 2002)

(emphasis added) (*citing* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL

PRACTICE AND PROCEDURE, 1277 at 464 (2d ed. 1990)).

    The court explained the exception to this general rule which exists in those rare

instances where the defendants can establish the applicability of the affirmative defense

on the face of the complaint. Id. Because "motions to dismiss or to strike only can attack

matters appearing on the face of the complaint," this Court should exclude the references

to the proof of claim filed in the Bankruptcy Case and all other extraneous factual

allegations set forth by HP in its Motion. Carland, Inc. v. U.S., 1988 WL 68047, *5

(W.D. Mo. 1988). HP is inappropriately attempting to introduce matters outside the

pleadings, and, in essence, is arguing a motion for summary judgment.

**4.    HP Is Improperly Attempting to Introduce Matters Outside the Pleadings and to Convert the Rule 12(b)(6) Motion into a Motion for Summary Judgment**

In its Motion, HP is inappropriately attempting to introduce matters outside the pleadings, and, in essence, arguing a motion for summary judgment. The arguments raised by HP are inappropriate in the context of a Rule 12(b)(6) motion.  "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings **if they are referred to in the plaintiff's complaint** and are central to her claim.  In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."  Brady v. Allied Pilots Ass'n, 2003 U.S. Dist. LEXIS 22875, *10 (D. Tex. 2003) (emphasis added). Nowhere in the Complaint is a Proof of Claim even mentioned, and HP's request for judicial notice is improper.

While it is true that a court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss,"  the document itself must be the basis of plaintiff's claims.  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3rd Cir. 1993); *see also* Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).  It is well-settled that the purpose of permitting a defendant's "pertinent" exhibits is where the "plaintiff failed to do so."  Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993).  "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, **but the document is referred to in the complaint and is central to plaintiff's claim**, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."  GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (emphasis added).

Tech Data's breach of contract claim is based upon the terms of the sale of goods, the Assumption Letter and the Asset Purchase Agreement, all of which are sufficiently described in its Complaint. The basis of Tech Data's goods sold and delivered claim arises, not from a proof of claim filed in the Bankruptcy Case, but from outstanding debit memos, credit memos and invoices as well as the obligations assumed under the Asset Purchase Agreement and the Assumption Letter. The reference to the proof of claim by HP is outside the pleadings and should be excluded by this Court.

At best, HP is treating the Motion as a motion for summary judgment (without describing it as such) by arguing outside the pleadings. It is well-settled that where "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56," provided that all parties are given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989). Furthermore, HP has failed to attach affidavits in order to convert the Motion to one for summary judgment. Courts will treat a Rule 12(b)(6) motion as a motion for summary judgment where an affidavit accompanied motion for dismissal on the ground of bar of statute of limitations. DiVito v. Greenstein, 55 F.R.D. 58, 60 (E.D. Pa. 1972).

As previously mentioned, where the court considers matters outside the pleadings before it in a 12(b)(6) motion, the motion will automatically be converted into a Rule 56 summary judgment procedure. Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). It is, however, reversible error for a district court to convert a motion under Rule 12(b)(6) into a motion for summary judgment unless the court provides notice of its intention to convert the motion and allows an opportunity to submit

materials admissible in a summary judgment proceeding or allows a hearing. <u>Castle v. Cohen</u>, 840 F.2d 173, 179-80 (3d Cir. 1988) (vacating summary judgment when the district court converted the Rule 12(b)(6) motion without notice to the parties); <u>Davis Elliott Int'l, Inc. v. Pan American Container Corp.</u>, 705 F.2d 705, 706-08 (3d Cir. 1983) (reversing summary judgment when the district court acted without notice to the parties and without an opportunity for hearing).

In summary, Tech Data respectfully requests that dismissal be denied as Tech Data has met the federal pleading requirements for the following reasons: (i) Tech Data has sufficiently plead the factual allegations and legal bases for the causes of action for breach of contract and goods sold and delivered; (ii) Tech Data has plead a short and plain statement of the claims which enables HP to have fair notice of such claims and legal bases under Rule 8(a); (iii) HP's reference to the proof of claim filed in the Bankruptcy Case and extraneous factual allegations in the Motion should be excluded as HP has improperly introduced matters outside the pleadings; (iv) HP is, in effect, requesting that the Court use an improper standard—that of Rule 56 for summary judgment—in ruling upon a Rule 12(b)(6) Motion; and (v) converting the Motion into one for summary judgment without HP's attaching the required affidavits and without notice to all parties pursuant to Rule 56 is highly improper.

## VI.    CONCLUSION

For the reasons set forth herein, Tech Data Corporation respectfully requests that the Court enter an Order: (i) denying the Motion to Dismiss filed by Defendant,

Hewlett-Packard Company, with prejudice; and (ii) awarding further relief as the Court deems just and equitable.

Dated:  October 14, 2005

Respectfully submitted,

HERLIHY, HARKER & KAVANAUGH

/s/ James F. Harker
James F. Harker (Bar No. 255)
1300 North Market Street, Suite 400
Wilmington, Delaware 19899
Telephone:  (302) 654-3111

-and-

ADORNO & YOSS LLP
Charles M. Tatelbaum (*Admitted Pro Hac Vice*)
Stephen C. Hunt (*Admitted Pro Hac Vice*)
350 E. Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL  33301
Telephone:  (954) 763-1200
Facsimile:  (954) 766-7800

*Attorneys for Plaintiff,*
*Tech Data Corporation*