IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECH DATA CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>        Defendant. | Civil Action No. 05-667(GMS) |

**HEWLETT-PACKARD COMPANY'S REPLY BRIEF IN SUPPORT OF
IT'S MOTION TO DISMISS TECH DATA'S COMPLAINT
<u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL
William H. Sudell, Jr. (No. 0463)
Derek C. Abbott (No. 3376)
Daniel B. Butz (No. 4227)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile:  (302) 658-3989

- and -

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman
Cecily A. Dumas
Gail S. Greenwood
Brandon C. Chaves
One Maritime Plaza, Suite 2475
San Francisco, CA 94111
(415) 834-3800

Attorneys for Defendant
Hewlett-Packard Company

October 21, 2005

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| INTRODUCTION | 1 |
| LEGAL ARGUMENT | 1 |
|     Tech Data's Complaint Demonstrates That The Claims Arose More Than Three Years Ago. | 1 |
| CONCLUSION | 3 |

# TABLE OF CITATIONS

Page(s)

Cases

Aronow Roofing Co. v. Gribane Building Co.,
    902 F. 2d 1127 (3d Cir. 1990)      2

Curran v. Time Ins. Co.,
    644 F. Supp. 967 (D. Del. 1986)      1

Pilch v. Gray,
    49 Del. 139 (1955)      1, 2

Statutes and Other Authorities

Fed. R. Civ. P. 12(b)(6)      2

Title 10 Del. C. § 8106      1

1.

## INTRODUCTION

Tech Data Corporation's opposition to Defendant Hewlett-Packard Company ("HP")'s motion to dismiss fails to address the fact that, even if every allegation in the Complaint is deemed true, the face of the Complaint demonstrates that the claims are time-barred. Tech Data expressly alleges that liability on its claims for breach of contract and for goods sold and delivered arose more than five years ago. HP requests that the Court dismiss the Complaint on the grounds that, looking only to the allegations in the Complaint and drawing all inferences in favor of Tech Data, the claims are barred by Delaware's three-year statute of limitations.

## LEGAL ARGUMENT

### Tech Data's Complaint Demonstrates That The Claims Arose More Than Three Years Ago.

Delaware law imposes a three-year statute of limitations on claims for both breach of contract and for goods sold and delivered. Title 10 Del. C. § 8106. The statute of limitation begins to run when liability accrues and a cause of action can first be brought. See, e.g., Curran v. Time Ins. Co., 644 F. Supp. 967, 972 (D. Del. 1986). For purposes of an action on an invoice, the statute of limitations begins to run on the date of final sale. Pilch v. Gray, 49 Del. 139 (1955) (motion to dismiss granted based on statute of limitations). In Pilch v. Gray, the court observed that a cause of action for goods sold and delivered accrues on the last date of sale.

> The record before me discloses that the plaintiff filed a suit against the defendant on April 26, 1954, to recover the sum of $1,611.70 for **goods sold and delivered by the plaintiff to the defendant between July 24, 1950 and October 26, 1950.**
> * * *
> The plaintiff's action not having been brought **within 3 years from October 26, 1950, is barred by the statute of limitations.**

2.

Id. at 140, 143 (emphasis added). See also Aronow Roofing Co. v. Gribane Building Co., 902 F. 2d 1127, 1128 (3d Cir. 1990) (dismissal of contract claim affirmed based on statute of limitations; duty to pay arises and statute begins to run upon completion of construction).

The face of the Complaint demonstrates that Tech Data's claims arose no later than February 16, 2000. Tech Data alleges, "At least from the date of the Assumption Letter [February 16, 2000], if not earlier, Custom Edge and Compaq had a liability to Tech Data for the Assumed Obligations." Complaint, ¶ 14. Tech Data admits that liability had fully accrued as of February 16, 2000, such that the statute of limitation began to run. Tech Data's various arguments regarding the standard for dismissal under Fed. R. Civ. P. 12(b)(6) cannot save the Complaint from Tech Data's own recitation of the facts – namely, that the alleged liability accrued more than five years ago. The Court need only look to the allegations in the Complaint to determine that Tech Data's claims are stale and are barred as a matter of law.

3.

## CONCLUSION

Tech Data seeks to recover payment for the sale of goods that occurred well before February 16, 2000. Construing the Complaint and all inferences in favor of Tech Data supports dismissal of the Complaint on grounds that the claims are barred by Delaware's three-year statute of limitations. For the foregoing reasons, HP respectfully requests that the Court dismiss Tech Data's Complaint with prejudice.

Dated: October 21, 2005
       Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/*

William H. Sudell, Jr. (No. 463)
Derek C. Abbott (No. 3376)
Daniel B. Butz (No. 4227)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200

- and -

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman
Cecily A. Dumas
Gail S. Greenwood
Brandon C. Chaves
One Maritime Plaza, Suite 2475
San Francisco, CA 94111
(415) 834-3800

Attorneys for Defendant
Hewlett-Packard Company

489220