IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Tech Data Corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-667 (GMS) |
| | ) |
| Hewlett-Packard Company, | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

The above-captioned action was filed on September 13, 2005. According to the complaint, through February 15, 2000, plaintiff Tech Data Corp. ("Tech Data") sold goods to Inacom Corp. ("Inacom") for which Inacom never paid. Perhaps in an effort to forestall its eventual Chapter 11 filing, Inacom entered into an agreement whereby Custom Edge, Inc. ("Custom Edge") assumed Inacom's obligations to Tech Data. Compaq Computer Corp. ("Compaq") later agreed to finance Custom Edge's assumed obligations to Tech Data, prompting Tech Data to agree to provide goods on credit to Custom Edge and to forbear from taking any action to collect the assumed obligations. Defendant Hewlett-Packard Company ("HP") then merged with Compaq, and thereby assumed the obligations to Tech Data. However, HP refuses to pay Tech Data on the assumed obligations. Thus, Tech Data filed this action, asserting one count of Breach of Contract and one count of Goods Sold and Delivered.

Presently before the court is HP's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). HP argues that even if all of the facts alleged in the complaint are true, Tech Data is barred by Delaware's three-year statute of limitations[1] because its cause of action arose on or about February

---

[1] For the purpose of this motion only, the court assumes that HP is correct in asserting that the three-year statute of limitations applies in this case.

15, 2000 – the last date on which Tech Data sold goods to Inacom. The court disagrees. It is possible that Tech Data may be able to prove that the statute of limitations did not begin to run on that date by virtue of the arrangement among Tech Data, Custom Edge and Compaq in which Tech Data agreed to forbear taking action on the assumed obligations. *Cf. Hart v. State Farm Mut. Auto. Ins. Co.*, No. 80C-OC-103, 1983 Del. Super. LEXIS 836, at *4 (Del. Super. Ct. Feb. 4, 1983) (unreported) ("This Court is loathe to permit an insurer to assuage its insured into forbearing from legal action during the statutory period, only to later raise [the statute of limitations] as an affirmative defense."). Therefore, the court holds that dismissal at this stage of the litigation would be imprudent.

IT IS HEREBY ORDERED THAT:

    HP's motion to dismiss (D.I. 4) be DENIED.

Dated: April 7, 2006                              /s/ Gregory M. Sleet
                                                                               UNITED STATES DISTRICT JUDGE